Luis C. Trigo, peticionario, *v.* Tribunal de Distrito de San Juan, Hon. Emilio S. Belaval, Juez, demandado; Ramón Rodríguez, interventor.

Núm. 1762.—*Sometido:* Noviembre 1, 1948.  *Resuelto:* Noviembre 22, 1948.

Luis E. Trigo, *pro se,* y *Gaspar Gerena Brás,* abogado del peticionario; *Carlos D. Vázquez* y *Arnaldo P. Cabrera,* abogados del interventor, demandado en el pleito principal.

El Juez Presidente Interino Señor De Jesús emitió la opinión del tribunal.

El peticionario, con fecha 5 de febrero de 1948, radicó en la Corte Municipal de San Juan una demanda de desahucio por falta de pago. El demandado no la contestó, pero presentó una moción para que se archivara el pleito mediante la consignación que ofreció de las rentas adeudadas, costas y los honorarios de abogado que fijara la corte. Con la oposición del peticionario, la Corte Municipal declaró con lugar la moción del demandado y le concedió cinco días

para que consignara la cantidad de $50 en que fijó los honorarios de abogado. Dispuso, además, que de ser consignada esa suma, se procedería a decretar el archivo y sobreseimiento del pleito, y que en caso contrario, se continuarían los procedimientos. No habiendo el demandado consignado la cantidad fijada para honorarios de abogado, oportunamente se dictó sentencia decretando el desahucio. Apeló el demandado para ante el tribunal inferior. Volvió a insistir en su moción de archivo y oídas las partes fué declarada con lugar, fijándose en $10 la cantidad que debía consignarse para honorarios de abogado. En consecuencia, se dictó sentencia desestimando la demanda. Para revisarla, hemos expedido a instancia del demandante, el presente auto de *certiorari*.

El tribunal inferior aplicó la sección 209(a)(1) de la Ley de Inquilinato aprobada por el Congreso de los Estados Unidos que entró en vigor el 1ro. de julio de 1947, y relacionó dicha Ley con el artículo 18–A de la Ley de Alquileres Razonables, adicionada por la Ley núm. 415 de 14 de mayo de 1947 (Leyes de P. R., pág. 821).

La referida sección 209(a)(1) dice así:

"Ningún propietario o arrendador podrá instar una acción o procedimiento contra un poseedor ante cualquier corte para recobrar la posesión de ninguna vivienda controlada por esta ley, respecto de la cual esté en vigor bajo este título un canon máximo, no obstante el hecho de que el poseedor no tenga contrato de arrendamiento o que éste haya expirado, siempre que el poseedor continúe pagando el canon a que el propietario o arrendador tenga derecho, a menos que

"(1) bajo la ley del Estado en que se inicie la acción o procedimiento el poseedor esté (A) violando alguna de las condiciones bajo las cuales se halle en posesión de la vivienda (que no sea una obligación de pagar un canon mayor que el permitido por esta Ley o de entregar la posesión de tal vivienda) o (B) constituya un estorbo público [*nuisance*] en tal vivienda o la esté usando para fines inmorales o ilícitos o para cualquier objeto que no sea el de vivienda."

Y el artículo 18-A antes mencionado dice:

"Cuando la demanda de desahucio se funde en falta de pago del canon o precio convenido en un contrato, no se admitirá al demandado otra prueba que la del recibo o cualquier otro documento en que conste haberse verificado el pago; *Disponiéndose, que si el demandado, en cualquier estado del procedimiento, hiciere efectivos los cánones adeudados con las costas y honorarios de abogado que fije el Tribunal, éste dictará resolución dejando sin efecto el procedimiento o la sentencia dictada."* (Bastardillas nuestras.)

Como muy bien resolvió el juez de la corte inferior, los dos preceptos legales antes transcritos, el federal y el insular, son perfectamente conciliables. Y es que como dijimos en *Ávila* v. *Tribunal de Distrito,* 68 D.P.R. 11, 21, las causas de desahucio bajo la sección 209(*a*)(1) deben surgir bajo la ley del Estado. Es verdad que bajo la ley local la falta del pago del alquiler es una violación del contrato de arrendamiento. Pero no es menos cierto que el propio artículo 18-A expresamente condona esa violación cuando en cualquier estado del procedimiento el inquilino hace efectivo los alquileres adeudados más las costas y honorarios de abogado que fije el Tribunal. De manera pues, que bajo la ley local la causal de desahucio por falta de pago está condicionada a que el inquilino, en cualquier estado del procedimiento, pague las cantidades antes mencionadas y de ese modo haga desaparecer la causa de acción que hasta ese momento había existido.

*La resolución recurrida es correcta. Procede declarar sin lugar la petición de certiorari y anular el auto expedido.*